STATE OF NORTH CAROLINA  BEFORE THE
DISCIPLINARY HEARING
COMMISSION
WAKE COUNTY OF THE
NORTH CAROLINA STATE BAR
22 DHC 24N

| THE NORTH CAROLINA STATE BAR, | |
|---|---|
| Petitioner | ORDER SUSPENDING RESPONDENT'S LAW LICENSE FOR NON-COMPLIANCE WITH THE GRIEVANCE PROCESS |
| v. | |
| BROOKE M. CRUMP, Attorney, | |
| Respondent | |

THIS MATTER was heard 14 September 2022 by the Chair of the Disciplinary Hearing Commission pursuant to 27 N.C. Admin. Code 1B § .0135. Petitioner, the North Carolina State Bar, was represented by J. Cameron Lee and Carmen H. Bannon. Respondent, Brooke M. Crump, appeared *pro se*. Based on the filings and the evidence presented at the hearing, the Chair of the Disciplinary Hearing Commission finds by clear, cogent, and convincing evidence the following:

## FINDINGS OF FACT

1. Petitioner, the North Carolina State Bar ("State Bar"), is a state agency duly organized under the laws of North Carolina and is the proper party to bring this proceeding under the authority granted it in Chapter 84 of the General Statutes of North Carolina and the Rules and Regulations of the North Carolina State Bar (Chapter 1 of Title 27 of the North Carolina Administrative Code).

2. Respondent, Brooke M. Crump ("Respondent") was licensed to practice law in North Carolina in 2017 and is, and was at all times referred to herein, an attorney at law licensed to practice in North Carolina, subject to the laws of the State of North Carolina, the Rules and Regulations of the North Carolina State Bar and the Rules of Professional Conduct.

3. The State Bar's membership database shows the following address for Respondent: P.O. Box 396, Mount Gilead, NC 27306.

*The North Carolina State Bar v. Brooke M. Crump*, 22 DHC 24N    Page 1 of 6
Order Suspending Respondent's Law License for Non-Compliance with the Grievance Process

Case 1:22-mc-00027   Document 1   Filed 10/12/22   Page 1 of 6

4. Respondent maintains two attorney trust accounts at The Fidelity Bank, account number ending in 9186 and account number ending in 9346.

5. Respondent served as closing attorney for an April 2021 real estate transaction for P.L.

6. On 3 April 2022, P.L. filed a grievance against Respondent with the State Bar wherein P.L alleged, among other things, that Respondent increased her fee without informing P.L. and failed to disburse or timely disburse entrusted funds payable to various third parties including the surveyor who prepared the survey of P.L.'s property, the home warranty company, and the title insurance company.

7. The grievance filed by P.L., which was assigned file no. 22G0357, related to Respondent's handling of entrusted funds and raised questions about whether Respondent properly safeguarded funds received from P.L.

8. Because the allegations in file no. 22G0357 implicated Respondent's handling of entrusted funds and demonstrated that—at minimum—Respondent had failed to promptly disburse client funds as directed, the Chair of the Grievance Committee issued a Subpoena for Cause Audit for Respondent's trust accounts (the "Subpoena") on 12 July 2022.

9. The Subpoena required Respondent to produce the following items to the State Bar:

    a. Copies of all account records for Respondent's attorney trust accounts (The Fidelity Bank accounts ending in 9186 and 9346) for the period from 1 January 2019 through present, including:

        i. Bank statements,
        ii. Deposit tickets,
        iii. Deposit items,
        iv. Remote deposit confirmations, credit card and AHC deposit memos or advices,
        v. Cancelled checks (front and back images),
        vi. Debit & credit memos,
        vii. Wire transfer advices and confirmations, electronic transfer confirmations, and
        viii. Notices of return or dishonor of any item drawn on the accounts.

    b. To the extent the documents above do not reflect the source of funds for a deposit or the client balance upon which a disbursement was drawn, any additional documentation necessary to identify the client for whom

*The North Carolina State Bar v. Brooke M. Crump*, 22 DHC 24N  
Order Suspending Respondent's Law License for Non-Compliance with the Grievance Process

Page 2 of 6

Case 1:22-mc-00027   Document 1   Filed 10/12/22   Page 2 of 6

each deposit and disbursement was made. (If, for example, checks written on the trust accounts are annotated with an internal file number rather than a client name, Respondent must produce documentation that associates Respondent's internal file number with the client name).

    c. HUD-1 settlement statements for all real estate transactions conducted from 1 January 2019 through present.

    d. A complete copy of Respondent's closing file for the real estate transaction identified in file no. 22G0357.

    e. For all non-real estate clients, the final accounting showing all receipts and disbursements of entrusted funds for the benefit of the client.

    f. Individual client ledgers showing all receipts and disbursements on behalf of any client for whom Respondent held entrusted funds at any point from 1 January 2019 through present.

    g. A general ledger that identifies all transactions in Respondent's trust accounts, including a running balance and identifying the client for whom funds were received or disbursed for each transaction.

    h. Quarterly reconciliations of the trust accounts for all quarters from 2019 through the present, including documentation of calculations showing that Respondent preformed a complete 3-way reconciliation (totaling positive client ledger balances, comparing to general ledger balance, and comparing to bank balance that was adjusted for outstanding deposits/disbursements).

10. On 13 July 2022, Respondent was personally served with the Letter of Notice in grievance file no. 22G0357 and the Subpoena.

11. Grievance file no. 22G0357 remains pending.

12. Respondent did not serve an objection to the Subpoena pursuant to Rule 45 of the Rules of Civil Procedure.

13. On 26 July 2022, Respondent sent an email to State Bar Counsel Katherine Jean and the Office of Counsel's Chief Investigator, Joe Commisso, wherein she requested an extension of time to respond to the Letter of Notice.

14. In a 27 July 2022 letter to Respondent, Petitioner gave Respondent until 12 August 2022 to respond to the Letter of Notice.

Page 3 of 6

*The North Carolina State Bar v. Brooke M. Crump*, 22 DHC 24N
Order Suspending Respondent's Law License for Non-Compliance with the Grievance Process

Case 1:22-mc-00027   Document 1   Filed 10/12/22   Page 3 of 6

15. In the 27 July 2022 letter, Petitioner also indicated willingness to extend Respondent's deadline to respond to the Subpoena if Respondent would explain the claim in her 26 July 2022 email that some of the subpoenaed trust account records "did not exist."

16. On 28 July 2022, Respondent responded to Petitioner's 27 July 2022 letter.

17. On 1 August 2022, upon request by Respondent, Petitioner extended the deadline for responding to the Letter of Notice and complying with the Subpoena to 12 August 2022.

18. That same day, Respondent filed a Motion to Quash the Subpoena in an unrelated matter that was then pending in the U.S. District Court for the Middle District of North Carolina.

19. In a 4 August 2022 letter to Respondent, Petitioner informed Respondent: "[Y]our 1 August 2022 filing regarding the Grievance Committee subpoena—in an unrelated case pending in a court without jurisdiction over process issued by our agency—has no effect on the enforceability of the subpoena. Accordingly, the State Bar expects your full compliance with the Subpoena for Cause Audit by the close of business on 12 August 2022."

20. On 12 August 2022, Respondent submitted her response to the Letter of Notice.

21. Included in Respondent's response to the Letter of Notice were heavily redacted and/or incomplete copies of bank statements for her Fidelity Bank trust account ending in 9346 for the months of May, June, July, and August of 2021.

22. Respondent failed to produce any of the other subpoenaed trust account records by 12 August 2022.

23. The State Bar met its burden of proof by establishing that Respondent was noncompliant with the investigation of grievance file no. 22G0357. Respondent failed to meet her burden of establishing that the noncompliance was justified and did not offer evidence of the other possible defenses described in § .0135(f)(2)

24. After making the findings set forth above, the undersigned ordered Respondent to produce documents and information responsive to the Subpoena by the close of business on 19 September 2022.

*The North Carolina State Bar v. Brooke M. Crump*, 22 DHC 24N
Order Suspending Respondent's Law License for Non-Compliance with the Grievance Process

Page 4 of 6

Case 1:22-mc-00027   Document 1   Filed 10/12/22   Page 4 of 6

25. The undersigned further ordered that if Respondent did not produce all documents and information responsive to the Subpoena by the close of business on 19 September 2022, Respondent's law license would be suspended for non-compliance with the grievance process.

26. Respondent did not produce to the State Bar all documents and information responsive to the Letter of Notice and Subpoena by the close of business on 19 September 2022.

Based upon the foregoing Findings of Fact, the Chair makes the following:

## CONCLUSIONS OF LAW

1. All parties are properly before the Chair of the Disciplinary Hearing Commission, and the Disciplinary Hearing Commission has jurisdiction over Respondent, Brooke M. Crump, and over the subject matter of this proceeding.

2. Respondent is noncompliant with the investigation of grievance file no. 22G0357 as defined in 27 N.C. Admin. Code 1B.0135(a).

3. Respondent has not shown that there is good cause for her noncompliance.

4. Respondent's noncompliance is grounds for the suspension of her law license pursuant to 27 N.C. Admin. Code 1B.0135(e)(3) and (g).

Based upon the foregoing Findings of Fact, and Conclusions of Law, the Chair of the Disciplinary Hearing Commission enters the following:

## ORDER

1. Respondent, Brooke M. Crump, is hereby suspended from the practice law, effective thirty (30) days after this Order is served upon her.

2. Respondent shall comply with all the wind-down provisions of 27 N.C. Admin Code 1B § .0128, as provided in 27 N.C. Admin. Code 1B § .0135(h).

3. Any petition by Respondent to be reinstated to the practice of law shall be governed by 27 N.C. Admin. Code 1B § .0135(i).

Page 5 of 6

*The North Carolina State Bar v. Brooke M. Crump*, 22 DHC 24N
Order Suspending Respondent's Law License for Non-Compliance with the Grievance Process

Case 1:22-mc-00027   Document 1   Filed 10/12/22   Page 5 of 6

This the 3RD day of October 2022.

Stephanie N. Davis, Chair
Disciplinary Hearing Commission

The North Carolina State Bar v. Brooke M. Crump, 22 DHC 24N
Order Suspending Respondent's Law License for Non-Compliance with the Grievance Process

Page 6 of 6

Case 1:22-mc-00027   Document 1   Filed 10/12/22   Page 6 of 6